IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 25-mj-7144-MAB |
| | ) | |
| SHENGHAN JIN, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S CONSENT MOTION FOR ORDER GOVERNING DISCOVERY**

The United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Kathleen M. Howard, Assistant United States Attorney for said district, with consent of the Defendant's attorney, respectfully moves this Court to enter an order governing the production of discovery in this case, as explained below:

1. The Complaint in this case was filed July 17, 2025 (Doc. 1). The Complaint charges the Defendant with one count of Wire Fraud (18 U.S.C. § 1343).

2. On July 21, 2025, Defendant had his initial appearance in from of The Honorable Mark A. Beatty (Doc. 7). Magistrate Judge Beatty entered an order regarding discovery (Doc. 8). Pursuant to the order entered by Magistrate Judge Beatty, the Parties conducted a discovery conference in this case. The undersigned Assistant United States Attorney ("AUSA") conducted a telephonic discovery conference with Defendant's counsel, Robert Kerr, on July 22, 205.

3. As the undersigned AUSA informed defense counsel, the volume of discovery materials to be produced in this case is significant. Due to the extensive nature of this scheme, there are numerous reports and voluminous records that contain victim and witness information.

4. The Government has also agreed to provide early disclosure of "Jencks" material to the defense. Title 18, United States Code, Section 3500(b) (the "Jencks Act"), provides that after a witness has testified on direct examination, the court shall order the Government to produce all statements in the Government's possession which relate to the subject matter of the witness' testimony. Despite this schedule established by statute, the undersigned AUSA determined that in this case, the interests of justice will be best served by early disclosure of these materials, which will allow the defense to evaluate the strength of the Government's case, decide whether to proceed to trial or to seek some other resolution. In addition, early disclosure of Jencks material will avoid delays at trial, by allowing the defense to read witness statements and prepare for cross-examination prior to direct examination.

5. The Jencks materials which the Government has agreed to produce at this time include reports of witness and victim interviews.

6. The Jencks materials the Government has agreed to produce early, and the remaining materials that the Government is required to produce under Federal Rule of Criminal Procedure 16, contain a substantial amount of Personal Identifying Information ("PII"). For example, the reports of witness interviews often list witnesses' dates of birth, home addresses, telephone numbers, etc. In addition, other records obtained by the Government contain bank account numbers and addresses belonging to victims and witnesses, as well as social security numbers and other PII.

7. Because of the volume of materials to be disclosed to the defense, redaction of PII in this case is impracticable. Administrative personnel of the United States Attorney's Office would be required to spend hours upon hours reviewing every page to be produced and redacting any PII they found. This process would be extremely time consuming, and would significantly delay production of discovery materials, arguably affecting Defendant's Speedy Trial rights.

8. Title 5, United States Code, Section 552a(b) states: "No agency shall disclose any record which is contained in a system of records by any means of communication, to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains…." For purposes of this statute, "record" is defined as "any item, collection, or grouping of information about an individual … including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual...." 5 U.S.C. § 552a(a)(4). The statute does permit disclosure of records containing PII "pursuant to the order of a court of a competent jurisdiction." 5 U.S.C. § 552a(b)(11).[1]

9. Title 18, United States Code, Section 3771 confers certain rights upon victims of federal offenses, including "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8).

10. For purposes of complying with its discovery obligations, while still respecting the victims' privacy rights, the United States moves this Court to enter an order so that the United States may disclose these documents to defense counsel. The United States further requests that

[1] The Government also notes that the Local Rules of this Court contain provisions designed to prevent public disclosure of PII. *See* Local Rules of the Southern District of Illinois, Rule 5.1(d).

this Court order defense counsel not to disclose these materials publicly, and not provide copies of materials identifying victims to his client.

11. Federal Rule of Criminal Procedure 16(d)(1) grants federal courts the authority to enter protective orders governing discovery in federal criminal cases.

12. For the reasons set forth in the preceding paragraphs, the United States respectfully requests that this Court enter an order that: (a) permits the Government to disclose discovery materials to defense counsel that contain PII; (b) prohibits defense counsel from publicly disclosing any materials that contain PII; (c) prohibits defense counsel from providing copies of any materials containing PII to his client; [2] and (d) prohibits defense counsel from providing reports of witness interviews or documents identifying victims to his client.

13. On July 23, 2025, the undersigned AUSA emailed a draft of this motion to counsel for Defendant. Robert Kerr. Mr. Kerr advised AUSA Howard that he did not have an objection to the motion.

WHEREFORE, the United States of America respectfully requests this Honorable Court enter an order that (a) permits the Government to disclose discovery materials to defense counsel that contain PII; (b) prohibits defense counsel from publicly disclosing any materials that contain PII; (c) prohibits defense counsel from providing copies of any materials containing PII to his client; and (d) prohibits defense counsel from providing reports of witness interviews or documents identifying victims to his client.

[2] The Government has no objection to defense counsel reviewing materials containing PII or interview reports with his client, so long as copies of these materials are not given to the defendant.

Respectfully submitted,

UNITED STATES OF AMERICA,

STEVEN D. WEINHOEFT
United States Attorney

/s/ Kathleen M. Howard

KATHLEEN M. HOWARD
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
(618) 628 3700
kathleen.howard@usdoj.gov